IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

Ex parte,                           §
    Emzy Lorenzo Miller            §   Cause No. WR-53,571-09
                                    §

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 26 2015

Abel Acosta, Clerk

### SUGGESTION THAT THE COURT RECONSIDER ON ITS OWN MOTION THE DISMISSAL OF THE SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS

To The Honorable Court Of Criminal Appeals:

Emzy Lorenzo Miller, Miller, files this Suggestion That The Court Reconsider On Its Own Motion The Dismissal Of The Subsequent Application For Writ of Habeas Corpus, pursuant to Rule 79.2(d) of the Texas Rules of Appeallate Procedure(TRAP).

I.
### PROPOSED SHOWING

Miller proposes to show the Court that it dismissed his habeas corpus application without written order under Texas Code of Criminal Procedure(CCP), Art. 11.07, §4(a)-(c), on October 8,2014, and that it should reconsider that decision on its own initiative for the following reasons:

(1) Subsequent habeas applications are governed by Art. 11.07, §4, which was enacted in response to Schlup v. Delo and therefore becoming a liberty interest to applicants, protected by their 14th Amendment right to due process;

(2) Miller raised a Schlup-type actual innocnece claim, wherein he presented new evidence that demonstrated 3 constitutional violations that probably resulted in the conviction of one actually inoccent, yet the Court clearly made a decision based on an unreasonable application of the facts and that was contrary to U.S. Supreme Court Law;

(3) Miller raised a void judment claim predicated on new evidence demonstrating that his 5th Amendment right to collateral estoppel was violated, yet the Court made a decision based on an unreasonable application of the facts and that was contrary to U.S. Supreme Court law;

(4) The Court failed to conduct a proper review pursuant to Section 4, instead relying upon Findings of Fact that failed to address Section 4 subsequent standards and that lacked Conclusions of Law altogether;

(5) Miller's habeas application was accompanied by a demonstration that failure to review merits would result in a fundamental miscarriage of justice, yet the Court failed to review the application under Sawyer v. Whitley, and Schlup precedent, thereby rendering a decision that was contrary to Supreme Court Law.

All the evidence that Miller relies upon in this Sugges-

1.

tion exists in this Court's records.

## II.
## STANDARD OF REVIEW

TRAP, Rule 79.2(d) states in pertinent part:
> "A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, Art. 11.07 or 11.071 may not be filed. The Court may on its own initiative reconsider the case."

Rule 79.2(d) unambiguously directs state habeas petitioners not to file motions for rehearing. However, the CCA has entertained motions for reconsideration, notwithstanding the language in 79.2(d). See Ex parte Graham, 853 S.W. 2d 565(Tex.Cr.App.1993); Ex parte Smith, 977 S.W. 610(Tex.Cr.App/1998)(en banc); Ex parte Lemke, 13 S.W. 3d 791(Tex.Cr.App.2000). In Graham, after the CCa denied state habeas peitioner's application for relief, the petitioner filed a motion requesting reconsideration of the Court. @566. The Court, citing 213(b) agreed to reconsider its denieal, though stating that it did so on its "own motion."

Similarly, in Smith, the CCA dismissed an application for post-conviction habeas relief. @610. The petitioner filed a "Suggestion For Reconsideration", which the Court reconsidered before rejecting. In Lemke, a state habeas petitioner filed a "Motion For Reconsideration(On The Court's Own Motion) Of The Refusal To Grant Relief In Application For Writ of Habeas Corpus."@793. The Court granted the motion and filed and set the application for submission.

Therefore the Texas Court has provided state habeas peitioners with the hope that a motion or suggestion for reconsideration may be successful. "Meanwhile, no cases habve been found where Texas Courts have held that 213(b) of TRAP," which was superceded by 79.2(d), "does not permit the filing of a motion for reconsideration." Emerson v. Jophnson, 243 F.3d 931,935 (5thCir.2001).

## III.
## REASONS FOR RECONSIDERATION

### (1) Art. 11.07, §4 And Schlup

The subequent application provisions in Art. 11.07 were enacted in response to Schlup v. Delo, 513 U.S. 298,115 S.Ct. 851, which held that the federal habeas petitioner must show that a constitutional violation "more likely than not" resulted in the conviction of an innocent person. Ex parte Brooks, 219 S.W. 3d 396(Tex.Cr.App.2007).

While the text of §4(a)(2) does not specifically state that the applicant must make a prima facie claim of actual innocence, rather, all that is necessary is a prima facie showing of actual innocence, sufficient to overcome Section 4, so that we can then consider the merits of his claim will be considered. "It is not necessary for an applicant to prove his innocence,

2.

rather, all that is necessary is a prima facie showoing of actual innocence, sufficient to overcome Section 4, so that we can then consider the merits of the claim." Brooks@400.

The CCA has consistently held that the purpose of the subsequent writ provisions is to provide review only in those cases where the legal basis for the claim was previously unavailable, or to remedy a miscarriage of justice.

Miller's application claims (1)that new evidence demonstrates that his judgment of murder was void under Texas law due to a violation of his 5th Amendment right to collateral estoppel; and (2)that new evidence demonstrates 3 constitutional violations during the course of his prosecution that probably resulted inthe conviction of one actually innocent.

Both of Miller's claims are predicated on the newly discovered evidence of Tanisha A. Cleveland's(Cleveland) pleah-hearing transcripts and post-judgment records. By Texas statute and CCA precedent, this Court has a very specific procedure in how to deal with subsequent writ applications. Because Miller alleged a void judgment due to a U.S. Constitutional violation and actual innocence due to U.S. Constitutional errors, his claims are Federal constitutional claims and this Court's procedures are emulations of Federal law, thus the resolution of these claims must conform to U.S. Supreme Court law. Failure of this Court in this regard would result in a violation of Miller's 14th Amendment right to due process.

### (2) Prima Facie Showing of Sufficient Specific Facts/Evidentiary Hearing

Under Section 4 this Court may not consider the merits of an application unless it includes sufficient specific facts establishing that, the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual basis was unavailable on the date of the original application; or by a preponderance of the evidence, but for U.S. Constitutional violation no rational juror could have found the applicant guilty beyond a reasonable doubt.

However, under CCA precedent in Brooks, this Court determinned that all that was necessary to overcome the subsequent bar was that the applicant make a prima facie showing to warrant review of his claims on themerits.

As such, this Court must determine if Miller's application makes a prima facie showing of "sufficient specific facts" establishing:

1. the claims are new;
2. the claims rely on factual predicate unavailable at time of previous application;
3. the factual predicate was not ascertainable through due diligence;
4. constitutional violations exist throughout prosecution;
5. but for violations no rational juror could find guilt beyond a reasonable doubt;
6. the new evidence is reliable.

3.

Hon. Judge Karen Sage(Judge Sage) issued Findings of Fact in response to the instant application. As an initial matter, Judge Sage did not include Conclusions of Law with her Findings. She was not the presiding judge of the original prosecution, so could not personally attest to any of the facts of thee case. She did not hold an evidentiary hearing(which Miller specifically requested in a separate motion accompanying his habeas application).

In Wilson v. Beard, 426 F.3d 653(3rdCir.2005), the court found that "when a petitioner requests a hearing to develop the record on a claim in state court, and if the state courts... deny that request on basis of an inadequate state ground, the petitioner has not 'failed to develop the factual basis of [the] claim in state court proceedings' for purpose of §2254(e)(2)."

Where the state court should have made a finding of fact, but neglected to do so, the state court factual determination is perforce unreasonable and there is nothing to which a presumption of correctness may attach. Taylor v. Maddox, 366 F.3d 992(9th Cir.2004)[citing Wiggins v. Smith, 539 U.S. 510, 123 S.Ct. 2527, 2539-40(2003). Where the state does make factual findings, but does so under misapprehension as to the correct legal standard, the resulting factual determination will be unreasonable and no presumption of correction can attach to it. Taylor1001.

Closely related to cases where the state courts make factual findings infected by substantive legal error are those where the factfinding process itself is defective. If a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an "unreasonable determination" of the facts. Taylor@1001; Bower v. Quarterman, 497 F.3d 459,466(5thCir. 2007)(Because the state habeas judge did not preside over a trial or conduct an evidentiary hearing, the state habeas court's factual findings are not entitled to a presumption of correctness.@466).

The U.S. Court of Appeals for the 5th Circuit(5th Circuit) reviews Texas cases. By their interpretation of U.S. Supreme Court law, because Judge Sage was not the original presiding judge of this cause, in making findings of fact, she was obligated to hold an evidentiary hearing, replete with the ordering of affidavits and allowance of Miller to present evidence, NOT to consider the merits, but merely to determine the requirements of Section 4 for the possibility of reviewing the merits. The fact that she didn't disentitles her findings to a presumption of correctness because they are perforce unreasonable. Furthermore, Judge Sage's findings reflect that she clearly miscomprehended Section 4 in that the findings in no way addressed the necessary elements by which to conform to the correct legal standard, thereby resulting in an unreasonable factual determination. Taylor@1001.

The U.S. Supreme Court noted in Miller-El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029 that the state court fact-finding process is undermined where the state court has before it, yet apparently ignores, evidence that supports petitioner's claim.("Our concerns are amplified by the fact that the state court also had before it, and apparently ignored, testimony that the Dallas

4.

County District Attorney's Office had, by its own admission, used this process to manipulate the racial composition of the jury in the past.")@1044.

The evidence in the instant case of Cleveland's records demonstrates that on a voluntary guilty plea, Cleveland was convicted of the intentional murder of Johnston as the sole, primary actor(an offense whose circumstances consist of one gun that only one individual shot to caue Johnston's death.) Miller presented this evidence attached to his memorandum of Law and specifically drew the Court's attention to the fact that in this case, with the circumstances as they are, two people could not both commit the offense alleged, as separate primaries and under separate causes. The evidence is clear that Cleveland was convicted as such 4 months before Miller's prosecution. In other words, the Court had before it, and apparently ignored, irrefutable evidence that Johnston's factual killer(i.e., primary actor, triggerman, murderer) was convicted, sentenced and imprisoned before Miller's prosecution even began, which standing alone, supports Miller's claims so strongly that it undermines the state court fact-finding process. Taylor@1001. Conjoined with the other evidence Miller presented, Miller at least succeeded in presenting claims that warranted further review, i.e., made a "prima facie showing".

### (3) Inadequate Findings Of Fact

On the face of Judge Sage's Findings, notwithstanding the afore-mentioned deficiencies, it is clear that it was not found that the claims were new in relation to the original aplication. Instead, Judge Sage relied upon the erroneous dismissal of Writ No. WR-53,571-06 in order to find that Miller "merely repeats the argument made in the -06 application that he is actually innocent...".(Finding #6).

In writ -06, however, it was not found that the actual innocence claim was new, and in that writ, Judge Sage herself relied upon the dismissal of writ WR-53,571-05(writ -05) stating, "it merely repeats the argument made in the -05 application that he is acutally innocent...", yet in writ -05, no findings of fact were issued at all, revealing that the Court never found that the claims were new or not, per statute.

Further, in writs-06 and -09, Miller raised different, second claims that Judge Sage failed to acknowledge altogether, therefore failing to make any finding regarding them.

On the face of Judge Sage's Findings it is clear that THERE IS no finding of whether or not the claims rely on a factual predicate that was unavailable at the time of the previous application. There was no finding regarding evidence at all, therefore this Court could not reasonably ascertain the value of the evidence supporting Miller's claims in conformity to Section 4. Not according to Judge Sage's Findings.

On the face of Judge Sage's Findings it is clear that she found Miller raised an actual innocence claim, despite her misstatement of the nature of the claim, yet that is the extent of her finding. No finding was made into whether or not constitutional violations existed throughout Miller's prosecution, therefore it naturally follows that no finding was made into whether or not but for those violations any rational juror could have

5.

found Miller guilty beyond a reasonable doubt.

Because of Judge Sage's clear failure to make the necessary findings that give this Court the proper information upon which to apply Section 4's requirements, this Court could not determine §4(a)(1) regarding the presentment of new claims and the availability of their factual bases. Section 4(c) could not be determined regarding diligency on Miller's part. As such, this Court could not have reasonably applied the proper legal standard in dismissing Miller's application under Section 4(a).

Because of Judge Sage's clear failure to make the necessary findings that give this Court the proper information upon which to apply Section 4, this Court could not determine Section 4(a)(2) regarding a prepondernance of evidence that but for U.S. Constitutional errors no rational juror could find guilt beyond a reasonable doubt. As such, not only could this Court not apply the proper legal standard in determining dismissal or not, but it could not properly apply Supreme Court law in Schlup in determining whether or not Miller stated "sufficient specific facts" making a prima facie showing of actual innocence, which is exactly the manner in which Miller brought his claims.

In Williams v. Taylor, 529 U.S. 362, 120S.Ct. 1495(2000) the U.S. Supreme Court held that under 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied- -the state-court adjudication resulted in a decision that (1)"was contrary to...clearly established federal law, as determined by the Supreme Court of the United States," or (2)"involved an unreasonable application of...clearly established Federal law, as determined by the Supreme Court of theUnited States." Federal relief is also granted under 2254(d)(2) if a state-court decision resulted in a decision "based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding."

Miller concedes that this Court is not bound by Federal Statute. However, it is boundby U.S. Supreme Court precedence and as such, it must adhere to Federal law while enforcing its own statutes.


### (4) Inadequate Section 4 Review

Because this Court had a statutory duty to review Miller's subsequent writ within the purview of Section 4; to ascertain if he stated "sufficient specific facts" ofeither or both of the enumerated requirements, Miller had a U.S. Constitutional liberty interest in receiving a proper review, protected and guaranteed him through the 14th Amendment. As detailed above, the district court failed to conduct an adequate development of facts sufficient for this Court to properly apply the legal standards set forth in Section 4. By this Court dismissing Miller's application in spite of the deficiencies and lack of adherence to statute, it made those deficiences its own, which resulted in an inadequate Section 4 review.

Furthermore, U.S. Supreme Court law is fery clear on what constitutes a "fundamental miscarriage of jsutice" exception. In appropriate cases, the principles of comity and finality that inform the concepts of cause and prejudice "must yield

6.

to the imperative of correcting a fundamentally unjust incarceration." Schlup@320[quoting Murray v. Carrier, 477 U.S. 478,496, 106 S.Ct. 2639,2649(1986)].

The fundamental miscarriage of justice exception is confined to cases of actual innocence. "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." Fairman v. Anderson, 188 F.3d 635,644(5thCir. 1999); Shelton v. King, 548 F.Supp. 2d 288,304(S.D.Miss.2008). To establish the requisite probability of innocence, he must "Support his allegations with new, reliable evidence that was not presented at trial and must show that it is 'more likely than not that no reasonable juror would have convicted him in light of the new evidence'." Fairman@644(quoting Schlup@327.)

Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts and certain physical evidence. Fairman@644[citing Sawyer v. Whitley, 505 U.S. 333,340, 112 S.Ct. 2514(1992).]

As mentioned above, Miller presented the plea-hearing transcripts and post-judgment records of cause no. 000753 with his application, wherein Cleveland was convicted onher valid guilty plea as the sole, primary actor for Johnston's murder. Miller was subsequently convicted as the sole, primary actor for murdering Johnston. By U.S. Supreme Court standards, Cleveland's guilty plea and conviction thereon, for which she is currently still imprisoned on, constitutes a "credible declaration of guilt by another", yet this Court never considered the evidence and thus could not properly apply the appropriate Supreme Court legal standard in determining whether Miller met the fundamental miscarriage of justice standard or not, despite Miller having directly raised actual innocence claims and briefed on miscarriage standards in his memorandum.

## IV.
## CONCLUSION

Wherefore all premises considered, Miller respectfully prays that this court grant this motion and on its own initiative reconsider the dismissal of his subsequent habeas application so as to ascertain whether or not a proper review was conducted under Section 4, and if not, one may be held.

Miller asks this towards the ends of justice and no party will be harmed by this Court's granting of this suggestion.

Humbly Submitted,

_____          _____
Date                                Emzy Lorenzo Miller
                                    #1047326, Pro se
                                    899 FM 632
                                    Kenedy, TX78119
                                    John B. Connally Unit

7.

February 22, 2015

Dear Clerk of the Court of Criminal Appeals,

Enclosed, please find the following:
1. Suggestion That The Court Reconsider On Its Own Motion The Dismissal Of The Subsequent Application For Writ Of Habeas Corpus.

Will you please file this document under the appropriate cause number and present it to the court for consideration? Included with this letter is a second, identical letter and if you would please date-stamp the copy and return it to me via the included self-addressed, stamped envelope, it would be greatly appreciated.
Thatnk you for your time and assistance in this matter!

Respectfully,

Lorenzo Miller
#1047326, Pro se
899 FM 632
Kenedy, TX 78119
John B. Connally Unit

1.

COPY

February 22, 2015

Dear Clerk of the Court of Criminal Appeals,

Enclosed, please find the following:
1. Suggestion That The Court Reconsider On Its Own Motion The Dismissal Of The Subsequent Application For Writ Of Habeas Corpus.

Will you please file this document under the appropriate cause number and present it to the court for consideration? Included with this letter is a second, identical letter and if you would please date-stamp the copy and return it to me via the included self-addressed, stamped envelope, it would be greatly appreciated.

Thatnk you for your time and assistance in this matter!

Respectfully,

Emzy Lorenzo Miller
#1047326 Pro se
899 FM 632
Kenedy, TX 78119
John B. Connally Unit

1.